**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, | No. CV-10-00545-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wachovia Mortgage, FSB, et al., | |
| Defendants. | |

The court has before it defendants Wells Fargo Bank and Golden West Savings Association Service Co.'s motion to dismiss (doc. 31), plaintiff AOM Group, LLC's response (doc. 32), and defendants' reply (doc. 33). We also have before us defendants' notice of an unsuccessful effort to remove this case to bankruptcy court and their request for ruling (doc. 35).

**I**

On March 19, 2007, Mahmood and Mary Tehrani borrowed $360,500.00 from World Savings Bank. They secured the loan with a deed of trust on a home in Gilbert, Arizona. The deed of trust named World Savings Bank as the beneficiary and Golden West Savings Association Service Co. as the trustee. Plaintiff concedes that Wells Fargo Bank is the successor in interest to Wachovia Mortgage, which was the successor in interest to World Savings Bank. Response at 7. Golden West is apparently a subsidiary of Wells Fargo Bank.

On June 15, 2009, Wachovia Mortgage substituted Cal-Western Reconveyance Corp. as the trustee. Cal-Western, which has been dismissed as a party in this case (doc. 27), filed a notice of trustee's sale on the same day. Amended Complaint, Ex. 5 at 3-4. The Tehranis acknowledged the recorded notice of trustee's sale and purported to rescind the loan on August 25, 2009. Response, Ex. 2 at 14; Amended Complaint ¶ 45. They did not make a loan payment after September 2009. Response at 3.

Plaintiff became involved with the Tehranis around the same time with the apparent purpose of interfering with the trustee's sale. On September 30, 2009, plaintiff purported to execute a "Revised Notice of Substitution of Trustee and Deed of Release and Reconveyance" appointing itself as successor trustee on the deed of trust on behalf of "Wachovia." Id., Ex. 2 at 36. On October 16, 2009, plaintiff and the Tehranis allegedly created the Arabian Ranch Land Trust to hold title to the Tehranis' interest in the home with plaintiff as the trustee. Amended Complaint, Ex. 1-2. On December 1, 2009, plaintiff and the Tehranis allegedly amended their arrangement to make plaintiff a 1% beneficiary of the purported trust. Wells Fargo Bank purchased the home at a trustee's sale on December 10, 2009. On March 1, 2010, the Tehranis allegedly assigned the claims at issue in this case to plaintiff. Id., Ex. 2a at 1-2. Well Fargo Bank prevailed in a forcible entry and detainer action against the Tehranis on March 19, 2010.

After this case was removed to this court, plaintiff filed an amended complaint alleging seventeen claims. The claims are entitled wrongful foreclosure, action for quiet title, assignment and satisfaction of mortgage law and invalid deed of trust, violation of the Arizona Uniform Commercial Code–Negotiable Instruments, A.R.S. §§ 47-3101 to -3605, declaratory judgment that the Arizona deed of trust statute is unconstitutional, breach of fiduciary duty, fraudulent misrepresentation, unjust enrichment, civil conspiracy to commit fraud, fraud, breach of contract, and violations of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 to -1534, the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1639(a), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, the Fair Credit Reporting Act, 15

U.S.C. §§ 1681-1681x, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p. Defendants move to dismiss all claims. Because they do not challenge plaintiff's status as the real party in interest under Rule 17(a), Fed. R. Civ. P., we will not address it.

We note at the outset that plaintiff's actions in this case are suspect. It appears that plaintiff's business model involves disseminating canned legal theories, engaging in shell games with lenders, and holding out false hope to desperate homeowners. After reviewing the exhibits plaintiff submits to this court, we admonish plaintiff to consider the ramifications of its abusive conduct.

We are also troubled by the representations of plaintiff's general counsel. At a TRO hearing on March 25, 2010, we noted that plaintiff's original complaint, filed in February 2010, alleged that the Tehranis "have paid each and every payment on time from the time of the loan closing through the present." Complaint ¶ 48. Counsel told this court that he did not believe that the payments were still being made, but he did not know when they had stopped. Nevertheless, he signed his name to an amended complaint six days later with the same allegation. Amended Complaint ¶ 48. Plaintiff now concedes that the Tehranis stopped making payments in September 2009, the same month that plaintiff's name first appears on the exhibits it submits. We advise counsel to review his obligations under Rule 11, Fed. R. Civ. P, and the Standards of Professional Conduct found under "Attorney Admissions Information" on the court's web site.

**II**

Plaintiff alleges that defendants wrongfully foreclosed on the deed of trust because they did not comply with statutory notice requirements and the Tehranis were not provided with actual notice of the trustee's sale. It also alleges that the sale was invalid because defendants were not holders in due course of the Tehranis' promissory note as required by a recording statute, A.R.S. § 33-420, and the Uniform Commercial Code. Plaintiff seeks to quiet title.

Defendants contend that plaintiff's claims involving the trustee's sale fail as a matter of law. They point out that holder in due course status and presentment of a note within the

1  meaning of the Uniform Commercial Code are not required under Arizona's non-judicial

2  foreclosure statute, A.R.S. §§ 33-801 to -821. See Deissner v. Mortg. Elec. Registration

3  Sys., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009); Mansour v. Cal-Western

4  Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). They also assert that

5  plaintiff cannot rely on the tort of wrongful foreclosure, whether or not it is a viable cause

6  of action in Arizona, because plaintiff cannot allege that the Tehranis were not in default.

7  See Contreras v. U.S. Bank, No. CV-09-137-PHX-NVW, 2009 WL 4827016, *5-*6 (D.

8  Ariz. Dec. 15, 2009) (dismissing claim where the plaintiffs admitted default and did not

9  allege that the defendants caused it). Finally, defendants maintain that plaintiff's conclusory

10  notice allegations are insufficient under Rule 8(a)(2), Fed. R. Civ. P., which requires factual

11  allegations that state a plausible claim for relief. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct.

12  1937, 1949 (2009).

13      In response, plaintiff concedes that the Tehranis defaulted on the note and did not cure

14  their default before the sale. Despite the Tehranis' default, plaintiff contends that a trustee's

15  sale may be set aside "if there are grounds for equitable relief based on serious sale defects,

16  including deliberate notice failure, fraud, misrepresentation, or concealment." Hills v.

17  Ocwen Fed. Bank (In re Hills), 299 B.R. 581, 586 (Bankr. D. Ariz. 2002) (citing Main I Ltd.

18  P'ship v. Venture Capital Constr. & Dev. Corp., 154 Ariz. 256, 741 P.2d 1234 (Ct. App.

19  1987)). But cf. A.R.S. § 33-811(C) (limiting post-sale objections by trustors). Drawing all

20  reasonable inferences in plaintiff's favor, however, it fails to adequately plead such a claim

21  under Rule 8(a)(2), Fed. R. Civ. P. It also fails to state allegations of fraud with particularity

22  under Rule 9(b), Fed. R. Civ. P. We note that plaintiff's contention that equitable relief

23  would be appropriate due to a lack of notice is not well taken given the Tehranis' August

24  2009 affidavit acknowledging the notice of sale and their efforts, with plaintiff's assistance,

25  to interfere with the sale.

26      Plaintiff also asserts that defendants lack standing and are not the real parties in

27  interest. But, as defendants point out, these requirements apply to a plaintiff who invokes

28  the judicial process and not to a defendant. We grant defendants' motion to dismiss

1  plaintiff's claims involving the trustee's sale.

2  Next, plaintiff alleges that Arizona's deed of trust statute is unconstitutional because
3  powers of sale function as confessions of judgment. A confession of judgment clause in a
4  "cognovit note" is a "legal device by which the debtor consents in advance to the holder's
5  obtaining a judgment without notice or hearing." F.D.I.C. v. Aaronian, 93 F.3d 636, 637 (9th
6  Cir. 1996). Among other reasons, defendants contend that plaintiff's claim fails because the
7  exercise of a power of sale under a deed of trust does not lead to a judgment. Plaintiff
8  abandons this claim by failing to address it in its response.

9  Plaintiff's remaining state claims allege that defendants made material
10  misrepresentations and omissions during the loan origination process in 2007. Plaintiff
11  maintains that the Tehranis were not finance professionals, and it claims that the loan they
12  agreed to was not in their best interest because it included undisclosed fees, reflected an
13  inflated property value, and was a trick to use their credit instead of the lender's money to
14  create a note that could then be sold as an unregulated security. The claims are styled as
15  breach of fiduciary duty, fraudulent misrepresentation, unjust enrichment, civil conspiracy
16  to commit fraud, fraud, breach of contract, and violation of the Arizona Consumer Fraud Act,
17  A.R.S. §§ 44-1521 to -1534.

18  Defendants contend that these general claims are devoid of factual detail and do not
19  withstand scrutiny under Rules 8(a)(2) and 9(b), Fed. R. Civ. P. They also assert that a
20  borrower/lender relationship does not automatically give rise to a fiduciary relationship. In
21  response, plaintiff only addresses its breach of fiduciary duty and fraudulent
22  misrepresentation claims, thereby abandoning the others. It agrees with defendants that a
23  fiduciary relationship is not automatic in the lending context, but it points out that such a
24  relationship may arise under the circumstances of a given case. It also explains that a
25  fiduciary relationship can lead to a duty to disclose, which it relies on to support its
26  fraudulent misrepresentation claim. We agree with defendants that plaintiff fails to indicate
27  any circumstances that would support claims for breach of fiduciary duty or fraudulent
28  misrepresentation. We grant defendants' motion to dismiss plaintiff's remaining state claims.

Plaintiff's final claims involve five federal statutes which regulate certain mortgage and credit transactions. Plaintiff argues that, during the loan origination process in 2007, defendants failed to provide the Tehranis with disclosures required by the Truth in Lending Act, 15 U.S.C. § 1605, and the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1639(a). Thus, it contends that the Tehranis' loan may be rescinded under 15 U.S.C. § 1635. Plaintiff also argues that defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, by accepting charges for services that were not actually performed. Moreover, plaintiff claims that defendants provided negative information to credit reporting agencies in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, and did not cease collection of a disputed debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 -1692p.

Defendants contend that plaintiff's federal claims are stale, insufficiently pled, and inapplicable. They claim that the Truth in Lending Act and Home Ownership and Equity Protection Act claims fail due to a one-year limitations period for damages, 15 U.S.C. § 1640(e), and the termination of a right of rescission "upon the sale of the property." 15 U.S.C. § 1635(f). They challenge the Real Estate Settlement Procedures Act claim as barred by a one-year limitations period, 12 U.S.C. § 2614. They also point out that plaintiff fails to support its claim with factual allegations under Rule 8(a)(2), Fed. R. Civ. P. Defendants raise similar objections to the Fair Credit Reporting Act claim. They also maintain that it fails because plaintiff does not allege that the Tehranis submitted a notice of dispute to a credit reporting agency, which would be necessary to trigger the duties implicated by the Act's private cause of action. See 15 U.S.C. § 1681s-2(b); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Defendants challenge the Fair Debt Collection Practices Act claim as conclusory and inapplicable because they were collecting a debt in their own name and were not "debt collectors" within the meaning of the Act. See 15 U.S.C. § 1692a(6).

Plaintiff abandons its federal claims by failing to address them in its response. It attaches a report by a purported forensic expert in support of its Truth in Lending Act claim.

1 | Although it has no bearing on the sufficiency of the Amended Complaint, we note that the purported expert concludes that the Tehranis received adequate disclosures in March 2007. Response, Ex. 3 at 5. In any event, an expert report is not a substitute for legal advocacy before this court. We grant defendants' motion to dismiss plaintiff's federal claims.

**III**

In conclusion, we consider whether to dismiss plaintiff's claims with prejudice. Plaintiff abandons almost all of its claims. For those that it addresses, nothing in the record suggests that it can provide the additional factual allegations necessary to state a plausible claim for relief. Therefore, we grant defendants' motion with prejudice because leave to amend the complaint a second time would be futile. See Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010). We note that defendants request an award of attorney's fees. They must do so in a separate motion. See LRCiv 54.2.

**IT IS THEREFORE ORDERED GRANTING** defendants' motion to dismiss with prejudice (doc. 31).

**IT IS FURTHER ORDERED DENYING** defendants' request for ruling as moot (doc. 35).

The clerk shall enter final judgment in favor of defendants and against plaintiff.

The scheduling hearing set for September 3, 2010 is vacated.

DATED this 11th day of August, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge