**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, | No. CV-10-00545-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wachovia Mortgage, FSB, et al., | |
| Defendants. | |

The court has before it defendants Wells Fargo Bank and Golden West Savings Association Service Company's motion for sanctions and an award of attorneys' fees (doc. 39). Plaintiff AOM Group failed to respond.

**I**

In 2007, Mahmood and Mary Tehrani executed a loan agreement with Wells Fargo Bank's predecessor in interest and secured it with a deed of trust on a home in Gilbert, Arizona. The Tehranis stopped making payments in 2009. At the time, plaintiff advertised its purported ability to assist homeowners facing foreclosure. Motion, ex. F. On behalf of the Tehranis, plaintiff recorded apparently fraudulent documents, created a trust, and executed assignments between plaintiff and the Tehranis in an effort to frustrate a trustee's sale of the home. Id., ex. E. On its own behalf, plaintiff then alleged a series of federal and state claims related to the loan and the deed of trust against defendants. After defendants

1  removed this action from state court, we denied plaintiff's motion for a preliminary
2  injunction and temporary restraining order and advised plaintiff's counsel to consider the
3  implications of pursuing the claims involved (doc. 17).  Plaintiff then filed an amended
4  complaint and unsuccessfully attempted to 'remove' this action to bankruptcy court (doc.
5  30).  In our Order of August 12, 2010, we granted defendants' motion to dismiss plaintiff's
6  claims, most of which plaintiff had abandoned in its response (doc. 36).  We note that this
7  court has dismissed over a dozen similar actions filed by plaintiff.  See AOM Grp., LLC v.
8  Wells Fargo Bank, No. CV-10-528-MHM, 2010 WL 3342005, at *1 n.1 (D. Ariz. Aug. 25,
9  2010) (collecting cases).

**II**

11  Defendants move for an award of reasonable attorneys' fees as "the successful party"
12  in a "contested action arising out of a contract."  A.R.S. § 12-341.01(A).  In exercising our
13  discretion to award fees under § 12-341.01(A), we consider (1) whether the unsuccessful
14  party's claims or defenses were meritorious; (2) whether the litigation could have been
15  avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the
16  successful party prevailed in all respects; (5) whether the legal questions were novel; and (6)
17  whether an award would discourage other parties from litigating tenable claims or defenses.
18  Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).  In
19  addition, because plaintiff failed to respond to defendants' motion, we may grant it
20  summarily.  LRCiv 7.2(i) (permitting non-compliance with briefing requirements to be
21  deemed consent to the granting of a motion).

22  The Associated Indemnity factors favor an award of attorneys' fees.  Plaintiff's claims
23  lacked merit.  Defendants reasonably rejected plaintiff's settlement offer to dismiss its claims
24  in May 2010 without any reimbursement of attorneys' fees.  We cannot determine whether
25  an assessment of fees would be a hardship to plaintiff because it failed to respond, but we
26  note that it is not a distressed homeowner.  Defendants prevailed on all claims, none of which
27  presented novel legal issues.  Finally, given the nature of plaintiff's claims, an award of fees
28  would not discourage parties with tenable claims.  Therefore, we conclude that an award of

- 2 -

1  reasonable attorneys' fees is appropriate.

2        Defendants seek $67,928.70 in fees for 170 hours of attorney time.  The number of
3  hours worked is high considering the lack of merit to plaintiff's claims. Defendants represent
4  that about 75 hours of attorney time were spent in connection with plaintiff's questionable
5  attempt to remove this action to bankruptcy court.  They also contend that plaintiff's use of
6  suspect recorded documents and a trust arrangement sets this action apart from typical
7  foreclosure actions involving unsophisticated parties.  We agree that this action was more
8  complex than a typical foreclosure action.  Moreover, we note that plaintiff declined its
9  opportunity to challenge the reasonableness of defendants' attorneys' fees by failing to
10 respond.  Nevertheless, we also agree with defendants' assessment that plaintiff's claims
11 required "only a perfunctory review of the applicable law."  Motion at 6.  An award of
12 attorneys' fees under § 12-341.01(A) "should be made to mitigate the burden of the expense
13 of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B).  "It need not
14 equal or relate to the attorney fees actually paid or contracted."  Id.  Based on the merits of
15 plaintiff's claims, we conclude that an award of attorneys' fees in the reduced amount of
16 $45,000.00 is sufficient to mitigate defendants' burden.

### III

18       Defendants also move for sanctions against plaintiff and plaintiff's counsel pursuant
19 to Rule 11, Fed. R. Civ. P., 28 U.S.C. § 1927, and this court's inherent authority. Defendants
20 assert that plaintiff's counsel violated Rule 11 by presenting claims through pleadings
21 without performing a reasonable inquiry into their factual support.  See Rule 11(b), Fed. R.
22 Civ. P.  Defendants do not mention the safe harbor and separate motion requirements for a
23 motion under Rule 11(c)(2), Fed. R. Civ. P., presumably because they have not been met.
24 Instead, they rely on Rule 11(c)(3), Fed. R. Civ. P., which permits sanctions on the court's
25 initiative after an order to show cause. With respect to 28 U.S.C. § 1927, defendants assert
26 that plaintiff's counsel "unreasonably and vexatiously" multiplied these proceedings by
27 attempting to remove this action to bankruptcy court in bad faith.  28 U.S.C. § 1927
28 (extending personal liability to a party's counsel for excessive costs incurred because of

1 misconduct).  Finally, defendants invoke our inherent authority to sanction conduct in bad
2 faith.  See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).

3      In our Order of August 12, 2010, we admonished plaintiff's counsel to review his
4 obligations under Rule 11, Fed. R. Civ. P., and this court's Standards of Professional
5 Conduct (doc. 36).  We agree with defendants that the conduct of plaintiff and plaintiff's
6 counsel in connection with this action was troublesome.  Because defendants are otherwise
7 receiving an award of reasonable attorneys' fees which reflects the consequences of this
8 conduct, however, we conclude that sanctions are unnecessary.

9      **IT IS THEREFORE ORDERED GRANTING IN PART** and **DENYING IN**
10 **PART** defendants' motion for sanctions and an award of attorneys' fees (doc. 39).  We
11 award attorneys' fees in the amount of $45,000.00 in favor of Wells Fargo Bank and Golden
12 West Savings Association Service Company and against AOM Group, LLC.  We deny the
13 motion with respect to sanctions.

14      DATED this 12th day of November, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge